Angela L. Diesch, Bar No. 256253
Richard Hyde, Bar No. 286023
AMIN TALATI WASSERMAN, LLP
515 South Flower Street, 18th Floor
Los Angeles, California 90071
Tel:   (213) 933-2330
Fax:   (312) 884-7352
angelad@amintalati.com
richard@amintalati.com

Attorneys for Defendant, EO Products, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DREW MOORE, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>EO PRODUCTS, LLC, a Delaware limited liability company; and DOES 1 - 100, inclusive,<br><br>　　　　　　　Defendants. | Case No.:<br><br>State Case No.:  CIV2203224<br><br>**EO PRODUCTS, LLC'S NOTICE OF REMOVAL**<br><br>**DEMAND FOR TRIAL BY JURY**<br><br>*[Filed concurrently with the Declaration of Susan Griffin-Black]*<br><br>Complaint Filed:  Oct. 05, 2022<br>Trial Date:　　　None set |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant EO Products, LLC ("Defendant" or "EO") hereby removes this action from the Superior Court of the State of California for the County of Marin to the United States District Court for the Northern District of California, on the following grounds:

**STATEMENT OF THE CASE AND TIMELINESS OF REMOVAL**

1. On October 5, 2022, Plaintiff Drew Moore ("Plaintiff") commenced an action against Defendant in the Superior Court of the State of California for the County of Marin, Case Number CV2203224, by filing a Complaint entitled "*Drew Moore, individually and on behalf of all others similarly situated v. EO Products, LLC and Does 1-100, inclusive.*"

2. On November 4, 2022, EO's counsel, on behalf of EO, executed and provided Plaintiff's counsel a Notice and Acknowledgement of Receipt of the Complaint, Summons, and Superior Court Civil Cover Sheet. True and correct copies of these documents are attached hereto as Exhibit 1.

3. In his Complaint, Plaintiff alleges that Defendant manufactures and sells numerous cosmetics and personal care products, including various scents and sizes of multiple lotions, 3-in-1 soaps, kids soaps, shampoos, conditioners, hand soaps, hand sanitizers sprays and wipes, (the "Products") throughout the United States, and that the Defendant "falsely and misleadingly label[s] their products with the following claims: "Made with plants," "plant-based," "plant-based moisturizers," "made with plants," "made with plant extracts," and/or "made with plant-based extracts" (hereinafter collectively, "Plant-Based Representations" or "False Advertising Claims")." (*See* Complaint ("Compl."), ¶ 6) Plaintiff seeks, among other things, to certify a putative class that purports to include "[a]ll residents of the United States who, within the applicable statute of limitations periods, purchased the

Products ("Nationwide Class"); and All residents of California who, within four years prior to the filing of this Complaint, purchased the Products ("California Subclass"). (*Id.,* ¶ 85).

4. The Complaint purports to allege causes of action against Defendant for supposed violations of California Business and Professions Code §§ 17200 (the Unfair Competition Law ("UCL")) and 17500 (the False Advertising Law ("FAL")), the Consumer Legal Remedies Act, Cal. Civ. Code § 1750 ("CLRA"), breach of express warranty, and unjust enrichment.

5. On October 5, 2022, a Notice of Case Management Conference was issued and the case was assigned to the Hon. Andrew E. Sweet of the Superior Court of the State of California for the County of Marin, reflecting a conference date of February 22, 2023. A true and correct copy of the Initial Status Conference Order is attached hereto as Exhibit 2.

6. A true and correct copy of the register of actions from Marin County Superior Court as of December 2, 2022, is attached hereto as Exhibit 3.

7. This removal is timely as required by 28 U.S.C. § 1446(b) as it is brought within thirty (30) days of November 4, 2022, the date service of the Complaint was accepted by Defendant.

## SUBJECT MATTER JURISDICTION

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1453. This Court specifically has jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), codified in part at 28 U.S.C. §§ 1332(d)(2) and 1453(b), because it is a civil action styled as a class action in which: (1) the number of members of the proposed plaintiff class is not less than one hundred, in the aggregate; (2) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; and (3) any member of the class of plaintiffs is a citizen of a State different from any defendant. 28 U.S.C. §§ 1332(d)(2), (d)(5)(B) and (d)(6).

## PLAINTIFF'S CASE IS STYLED AS A PUTATIVE CLASS ACTION WITH A PROPOSED CLASS OF NOT LESS THAN 100 MEMBERS

9. The Court has CAFA jurisdiction because this lawsuit is a putative class action, and the proposed class comprises of more than 100 individuals. (Compl., ¶ 85).

10. CAFA jurisdiction exists over any "class action" brought under any "State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action[.]" 28 U.S.C. § 1332(d)(1)(B). This case constitutes a "class action" for purposes of removal because Plaintiff styles his complaint as a "Class Action." (Compl. caption). Plaintiff alleges "[t]he class is so numerous that joinder of all members is impracticable and the disposition of their claims in a class action will benefit the parties and the Court." (*Id.* ¶ 88). Thus, this action qualifies as a class action under CAFA.

11. CAFA jurisdiction exists unless "the number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5)(B). CAFA defines class members as "the persons named or unnamed) who fall within the definition of the proposed or certified class in a class action." 28 U.S.C. § 1332(d)(1)(D). This requirement is met here because Plaintiff alleges that the purported class "consists of tens of thousands of purchasers." (Compl., ¶ 88). Thus, on the face of the pleadings there are more than 100 members in Plaintiff's proposed class.

## THE AMOUNT IN CONTROVERSY EXCEEDS $5 MILLION

12. Under CAFA, "the claims of individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(6).

13. Congress intended federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief

sought (e.g., damages, injunctive relief, or declaratory relief)." Sen. Jud. Comm. Rep., S. REP. 109-14, at 42. Moreover, any doubts regarding the amount in controversy requirement under CAFA should be resolved in favor of federal jurisdiction. S. Rep. 109-14, at 42-43 ("[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case…. Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly….").

14. Because Plaintiff has not expressly pled a specific amount of damages, a removing party need only show that it is more likely than not that the amount in controversy exceeds $5,000,000. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997). In *Dart Cherokee Basin Operating Company, LLC v. Owens*, 135 S. Ct. 547, 554 (2014), the United States Supreme Court held that where a plaintiff's complaint is silent as to whether the amount in controversy is less than CAFA's jurisdictional threshold of $5,000,000, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Following *Dart*, the Ninth Circuit confirmed "a removing defendant's notice of removal need not contain evidentiary submissions but only plausible allegations of the jurisdictional elements," and further that "when a defendant's allegations of removal jurisdiction are challenged, the defendant's showing on the amount in controversy may rely on reasonable assumptions." *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 963 (9th Cir. 2020) (citations and internal quotation marks omitted). Further, "'[n]o "antiremoval presumption attends cases invoking CAFA' because 'Congress enacted [CAFA] to facilitate adjudication of certain class actions in federal court.'" *Adams v. Toys 'R' US – Delaware, Inc.*, 2015 U.S. Dist. LEXIS 11338, at *5-6 (N.D. Cal. Jan. 29, 2015) (quoting *Dart*, 135 S. Ct. at 554). On the contrary, courts are required to interpret CAFA's provisions broadly

in favor of removal. *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1183-84 (9th Cir. 2015).

15. "In determining the amount in controversy, the Court accepts the allegations contained in the complaint as true and assumes the jury will return a verdict in the plaintiff's favor on every claim." *Henry v. Cent. Freight Lines, Inc.*, 692 F. App'x 806, 807 (9th Cir. 2017). "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

16. In *Chavez v. JPMorgan Chase*, 888 F.3d 413, 414-15 (9th Cir. 2018), the Ninth Circuit held that "the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." The Court may consider "allegations in the complaint and in the notice of removal, as well as summary-judgment-type evidence relevant to the amount in controversy." *Id.* at 416. The amount in controversy may include "damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes." *Id.* (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648-49 (9th Cir. 2016)). "[W]hen a statute or contract provides for the recovery of attorneys' fees, prospective attorneys' fees must be included in the assessment of the amount in controversy." *Arias v. Residence Inn*, 936 F.3d 920, 922 (9th Cir. 2019) (citing *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018)).

17. As discussed above, Plaintiff brings this action on behalf of a purported class of consumers consisting of a Nationwide Class and a California Subclass of all of all purchasers who within four years prior to the filing of this Complaint, purchased the Products (*Id.* ¶ 85). Plaintiff alleges claims for relief under the UCL, FAL, CLRA, and for Breach of Express Warranty, as well as a claim under California common law for Unjust Enrichment. Under the UCL and FAL, Plaintiff seeks damages, restitution, and/or disgorgement of the full purchase price of the Products

(*id.* ¶¶ 141, 152). Plaintiff also seeks a monetary award for violations of the CLRA in the form of damages, restitution, and/or disgorgement of ill-gotten gain (*id.* ¶ 172). Plaintiff summarizes the relief he seeks as "an order …enjoining Defendants from continuing to market, advertise, distribute, and sell the Products…," "an order awarding restitution, monetary damages, and/or disgorgement of wrongful profits," "pre- and post- judgment interest," "an order awarding attorneys' fees and costs," and "an order awarding punitive damages…." (*id.* Prayer for Relief, 3-7.)

18.  Actions under the UCL and FAL generally only allow for the remedies of restitution and injunctive relief. *Pfizer Inc. v. Super. Ct.*, 182 Cal. App. 4th 622, 631, 105 Cal. Rptr. 3d 795 (2010). "An order for restitution is an order 'compelling a UCL defendant to return money obtained through an unfair business practice to those persons in interest from whom the property was taken'…" *Spintouch, Inc. v. Outform, Inc.*, No. SA CV 21-00840-DOC-ADS, 2021 U.S. Dist. LEXIS 246060, at *23 (C.D. Cal. Nov. 8, 2021) (quoting *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144-45, 131 Cal. Rptr. 2d 29, 63 P.3d 937 (2003)). The CLRA additionally allows plaintiffs to recover actual and punitive damages, as well as attorneys' fees, to a prevailing plaintiff. Cal. Civ. Code §§ 1780(a)(1), (a)(4), (e).

19.  Plaintiff's Complaint fails to affirmatively disclose the amount in controversy or information from which Defendant could readily ascertain the amount in controversy without independent investigation and analysis. As such, through the Declaration of Susan Griffin-Black ("Griffin-Black Decl.") filed concurrently herewith, Defendant provides calculations only to demonstrate that the amount in controversy in this case exceeds the jurisdictional amount under CAFA jurisdiction. Defendant makes no admission of any liability or damages with respect to any aspect of this case, or to the proper legal test to be applied to Plaintiff's claims. Nor does Defendant waive its right to ultimately contest the proper amount of damages due, if any, should Plaintiff prevail with respect to any of her claims.

20. The costs of refunding the full purchase price to all putative class members during a four-year class period far exceeds the $5,000,000.00 jurisdictional minimum. *See* Griffin-Black Decl., ¶2.

21. Thus, although Defendant denies Plaintiff's allegations of liability, injury, and damages and will oppose certification of the putative class, taking Plaintiff's allegations as true, this is a "civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs[.]" 28 U.S.C. § 1332(d)(2). Defendant has a good-faith belief that the damages, restitution, injunctive relief and attorneys' fees claimed by Plaintiff for treatment on a class basis for all consumers Nationwide, as well as the California Subclass, for the alleged four-year period would easily exceed $5,000,000, provided such remedies were granted in full as demanded in the Complaint.

## CLASS MEMBERS ARE CITIZENS OF DIFFERENT STATES

22. CAFA jurisdiction is met where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). That requirement is met here. Plaintiff seeks to certify a class of a Nationwide Class, i.e., "[a]ll residents of the United States who, within the applicable statute of limitations periods, purchased the Products." (Compl., ¶ 85). Thus, at least one plaintiff is diverse from at least one defendant, and there is minimal diversity under 28 U.S.C. § 1332(d)(2)(A).

## EXCEPTIONS TO REMOVAL DO NOT APPLY

23. This action does not fall within any exclusions to removal jurisdiction recognized by 28 U.S.C. § 1332(d)(3), (4), (9) or 28 U.S.C. § 1453(d).

24. In addition, this action does not fall within any of the other categorical exceptions under CAFA. *See* 28 U.S.C. § 1332(d)(9)(A), (B), and (C) (making exceptions for an action (1) "concerning a covered security"; (2) that relates to the internal affairs or governance of a corporation or other form of business enterprise"; (3) "that relates to the rights, duties (including fiduciary duties), and obligations

related to or created by or pursuant to any security…"); *see also* 28 U.S.C. § 1453(d) (same exceptions).

## ALL PROCEDURAL REQUISITES ARE SATISFIED

25. 28 U.S.C. § 1441(a) allows civil actions brought in state to be removed to the district court "embracing the place where such action is pending." The Complaint was filed and currently is pending in the Superior Court of the State of California for the County of Marin. This District is the proper venue for this action upon removal pursuant to 28 U.S.C. § 1441(a) because it is the District that embraces the county where the state court action was pending.

26. Pursuant 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders are attached hereto as Exhibits 1 and 2.

27. Defendant will promptly serve a notice of filing of removal, with a copy of the Notice of Removal annexed thereto, onto Plaintiff's attorney and will file such notice with the Clerk of the Superior Court of the State of California for the County of Marin.

## CONCLUSION AND DEMAND FOR JURY

28. For the foregoing reasons, Defendant EO Products, LLC, hereby removes this case from Superior Court of the State of California for the County of Marin to this United States District Court for the Northern District.

29. Defendant EO Products, LLC hereby demands a jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues subject to a jury trial raised in the Complaint of Plaintiff.

DATED: December 2, 2022         */s/ Angela L. Diesch*
                                 Angela L. Diesch

                                 *Attorney for Defendant*
                                 EO Products, LLC

# EXHIBIT 1

**POS-015**

| ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO: | FOR COURT USE ONLY |
|---|---|
| NAME: Michael R. Crosner (SBN 41299); Zachary M. Crosner (SBN 272295); Jamie Serb (SBN 289601) <br> FIRM NAME: CROSNER LEGAL PC <br> STREET ADDRESS: 9440 Santa Monica Blvd., Suite 301 <br> CITY: Beverly Hills  STATE: CA  ZIP CODE: 90210 <br> TELEPHONE NO.: (310) 496 - 5818  FAX NO.: (310) 510 - 6429 <br> E-MAIL ADDRESS: mike@crosnerlegal.com; zach@crosnerlegal.com; jamie@crosnerlegal.com <br> ATTORNEY FOR (Name): Drew Moore | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF MARIN**
STREET ADDRESS: 3501 Civic Center Drive
MAILING ADDRESS:
CITY AND ZIP CODE: San Rafael 94903
BRANCH NAME: Marin County Superior Court

Plaintiff/Petitioner: DREW MOORE
Defendant/Respondent: EO PRODUCTS, LLC

| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER: <br> CIV2203224 |
|---|---|

TO (insert name of party being served): EO PRODUCTS, LLC, a Delaware Limited Liability Company

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 11/02/2022

Ashley Gutierrez  /s/ Ashley Gutierrez
(TYPE OR PRINT NAME)  (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):

1. [X] A copy of the summons and of the complaint.
2. [X] Other (specify): Notice of Initial Case Management Conference

(To be completed by recipient):

Date this form is signed: 11/04/2022

Angela Diesch (SBN 256253), Amin Talati Wasserman, LLP on behalf of EO Products, LLC  /s/ Angela Diesch
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)  (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** EO PRODUCTS, LLC, a Delaware Limited
*(AVISO AL DEMANDADO):* Liability Company; and DOES 1-100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DREW MOORE, as an individual and on behalf of all others similarly situated

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

FILED
OCT 05 2022
JAMES M. KIM, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: J. Chen, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: Superior Court for the State of California
*(El nombre y dirección de la corte es):*
for the county of Marin- Marin County Superior Court
3501 Civic Center Drive, San Rafael, California 94903

**CASE NUMBER:**
*(Número del Caso):* 2203224

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
CROSNER LEGAL, PC 9440 Santa Monica Blvd., Ste. 301, Beverly Hills, CA 90210 Tel: (310) 496-5818

DATE: OCT 0 5 2022                    Clerk, by  J. CHEN                    , Deputy
*(Fecha)*                              *(Secretario)*                        *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

JAMES M. KIM

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

[FAXED stamp]

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: <br> Michael R. Crosner (SBN 41299), Zachary M. Crosner (SBN. 272295), <br> Jamie Serb (SBN 289601) <br> CROSNER LEGAL, PC, 9440 Santa Monica Blvd., Ste. 301, Beverly Hills, CA 90210 <br> TELEPHONE NO.: (310) 496-5818   FAX NO. *(Optional)*: (310) 510-6429 <br> E-MAIL ADDRESS: zach@crosnerlegal.com, jamie@crosnerlegal.com <br> ATTORNEY FOR *(Name)*: Drew Moore | FOR COURT USE ONLY <br><br> **RECEIVED** <br><br> OCT 0 5 2022 <br><br> MARIN COUNTY <br> SUPERIOR COURT |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Marin** <br>
STREET ADDRESS: 3501 Civic Center Drive <br>
MAILING ADDRESS: <br>
CITY AND ZIP CODE: San Rafael, California 94903 <br>
BRANCH NAME: Marin County Superior Court

CASE NAME: <br>
DREW MOORE v. EO PRODUCTS, LLC INC.

| CIVIL CASE COVER SHEET <br> [x] Unlimited  [ ] Limited <br> (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | Complex Case Designation <br> [ ] Counter  [ ] Joinder <br> Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CASE NUMBER: **2203224** <br> JUDGE: <br> DEPT.: **ANDREW E. SWEET** |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | [ ] Enforcement of judgment (20) |
| [x] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Fraud (16) | [ ] Residential (32) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Other petition *(not specified above)* (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [x] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [x] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify)*: 5
5. This case [x] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 04, 2022

Zachary Crosner ▶ /s/ <br>
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> www.courts.ca.gov |

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET** CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
    Auto (22)–Personal Injury/Property Damage/Wrongful Death
    Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
    Asbestos (04)
        Asbestos Property Damage
        Asbestos Personal Injury/ Wrongful Death
    Product Liability *(not asbestos or toxic/environmental)* (24)
    Medical Malpractice (45)
        Medical Malpractice– Physicians & Surgeons
        Other Professional Health Care Malpractice
    Other PI/PD/WD (23)
        Premises Liability (e.g., slip and fall)
        Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
        Intentional Infliction of Emotional Distress
        Negligent Infliction of Emotional Distress
        Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
    Business Tort/Unfair Business Practice (07)
    Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
    Defamation (e.g., slander, libel) (13)
    Fraud (16)
    Intellectual Property (19)
    Professional Negligence (25)
        Legal Malpractice
        Other Professional Malpractice *(not medical or legal)*
    Other Non-PI/PD/WD Tort (35)

**Employment**
    Wrongful Termination (36)
    Other Employment (15)

**Contract**
    Breach of Contract/Warranty (06)
        Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
        Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
        Negligent Breach of Contract/ Warranty
        Other Breach of Contract/Warranty
    Collections (e.g., money owed, open book accounts) (09)
        Collection Case–Seller Plaintiff
        Other Promissory Note/Collections Case
    Insurance Coverage *(not provisionally complex)* (18)
        Auto Subrogation
        Other Coverage
    Other Contract (37)
        Contractual Fraud
        Other Contract Dispute

**Real Property**
    Eminent Domain/Inverse Condemnation (14)
    Wrongful Eviction (33)
    Other Real Property (e.g., quiet title) (26)
        Writ of Possession of Real Property
        Mortgage Foreclosure
        Quiet Title
        Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
    Commercial (31)
    Residential (32)
    Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
    Asset Forfeiture (05)
    Petition Re: Arbitration Award (11)
    Writ of Mandate (02)
        Writ–Administrative Mandamus
        Writ–Mandamus on Limited Court Case Matter
        Writ–Other Limited Court Case Review
    Other Judicial Review (39)
        Review of Health Officer Order
        Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
    Antitrust/Trade Regulation (03)
    Construction Defect (10)
    Claims Involving Mass Tort (40)
    Securities Litigation (28)
    Environmental/Toxic Tort (30)
    Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
    Enforcement of Judgment (20)
        Abstract of Judgment (Out of County)
        Confession of Judgment *(non-domestic relations)*
        Sister State Judgment
        Administrative Agency Award *(not unpaid taxes)*
        Petition/Certification of Entry of Judgment on Unpaid Taxes
        Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
    RICO (27)
    Other Complaint *(not specified above)* (42)
        Declaratory Relief Only
        Injunctive Relief Only *(non-harassment)*
        Mechanics Lien
        Other Commercial Complaint Case *(non-tort/non-complex)*
        Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
    Partnership and Corporate Governance (21)
    Other Petition *(not specified above)* (43)
        Civil Harassment
        Workplace Violence
        Elder/Dependent Adult Abuse
        Election Contest
        Petition for Name Change
        Petition for Relief From Late Claim
        Other Civil Petition

# EXHIBIT 2



**MARIN COUNTY SUPERIOR COURT**
P.O. Box 4988
San Rafael, CA 94913-4988

FILED
OCT 05 2022
JAMES M. KIM, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: J. Chen, Deputy

PLAINTIFF: Moore

vs.

DEFENDANT: EO Products, LLC

CASE NO. CIV 2203224

**NOTICE OF CASE MANAGEMENT CONFERENCE (CIVIL)**

(Pursuant to Government Code Section 68600 et seq.)

*Pursuant to Local Rule 2.3, the plaintiff must serve a copy of this Notice of Case Management Conference, a blank Case Management Statement (Judicial Council Form CM-110), a blank Notice of Settlement of Entire Case (Judicial Council Form CM-200), and an Alternative Dispute Resolution (ADR) Informational Notice (CV006) together with the complaint on all parties.*

This case is assigned for all purposes to Judge ~~ANDREW E. SWEET~~ in Courtroom E.

1. The parties/counsel to this action shall comply with the filing and service deadlines in Local Rule 2.5 and California Rule of Court 3.110, or appear at the Order to Show Cause hearing on the dates set forth below:

    Failure to File Proof of Service        ___/___/___   8:30 / 9:00 A.M.

    Failure to Answer                       ___/___/___   8:30 / 9:00 A.M.

2. Parties must appear for Case Management Conference on   2/22/23   8:30 / 9:00 A.M.

3. The parties must be familiar with the case and be fully prepared to discuss the suitability of the case for binding or non-binding arbitration, mediation, or neutral case evaluation. **Counsel must discuss ADR options with their clients prior to attending the Case Management Conference** and should be prepared to discuss with the court their authority to participate in ADR.

4. Case Management Conference Statements must be filed with the court and served on all parties <u>at least 15 calendar days</u> before the Case Management Conference. **(Late filing may result in the issuance of sanctions.)**

*Distribution: Original - Court File; Canary - Plaintiff*

CV008         **NOTICE OF CASE MANAGEMENT CONFERENCE (CIVIL)**         Rev. 7/15/15
(Pursuant to Government Code § 68600 et seq.)

**EXHIBIT 3**

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF MARIN | | |
|---|---|---|
| DREW MOORE | DATE FILED: | 10/5/2022 |
| PLAINTIFF(s) | CASE TYPE: | COMPLAINT |
| VS. | CASE SUBTYPE: | MISCELLANEOUS/OTHER |
| EO PRODUCTS, LLC | DATE OF LAST ACTIVITY: | 10/25/2022 |
| DEFENDANT(s) | DATE/TIME RUN: | 12/02/2022 12:32 PM |
| REGISTER OF ACTIONS | CASE NUMBER: | CIV 2203224 |

INVOLVED PERSON/PARTY AND ATTORNEY SUMMARY:

    MOORE, DREW is the PLAINTIFF and is represented by: CROSNER, ZACHARY M.

    EO PRODUCTS, LLC, A DELAWARE LIMITED LIABILITY COMPANY is the DEFENDANT and is represented by:

REGISTER OF ACTIONS:

| Date | Action |
|---|---|
| 10/05/2022 | CASE OPEN / ACTIVE STATUS HON ANDREW E SWEET |
| 10/05/2022 | CASE MARKED AS SAMPLE |
| 10/05/2022 | FILING FEE PROCESSED: PLTF, DREW MOORE - 435.00 |
| 10/05/2022 | COMPLAINT/FIRST PAPER CLASS ACTION COMPLAINT FOR VIOLATION OF UNFAIR COMPETITION LAW, FALSE ADVERTISING LAW, CONSUMERS LEGAL REMEDIES ACT, BREACH OF WARRANTY, UNJUST ENRICHMENT |
| 10/05/2022 | SUMMONS ISSUED |
| 10/05/2022 | HEARING CONFIRMED FOR: 02/22/2023 AT: 09:00 AM FOR APPEARANCE TYPE: CMGT IN DEPARTMENT: D14 |
| 10/25/2022 | PROOF OF SERVICE FILED, AS TO: DEFT, EO PRODUCTS, LLC, A DELAWARE LIMITED LIABILITY COMPANY BY SUB SVC ON 10/21/22 |

Disclaimer: This Register of Actions is not an official court record. For an official and/or certified record, visitors must obtain it from the Court.

# CERTIFICATE OF SERVICE

I am over the age of 18 and not a party to the within action; my business address is 515 South Flower St., 18th Floor, Los Angeles, CA 90071.

On December 2, 2022, I have served the foregoing documents described as **EO PRODUCTS, LLC'S NOTICE OF REMOVAL** on the following person(s) in the manner(s) indicated below:

Michael Crosner, Esq.
CROSNER LEGAL, PC                     Plaintiff
9440 Santa Monica Blvd., Ste. 301
Beverly Hills, CA 90210
Tel: 310-496-5818
mike@crosnerlegal.com

[ X ]   (BY ELECTRONIC SERVICE) I am causing the document(s) to be served on the Filing User(s) through the Court's Electronic Filing System.

[ X ]   (BY ELECTRONIC TRANSMISSION)  I served electronically from the electronic notification address of mariam@amintalati.com the document described above and a copy of this declaration to the person and at the electronic notification address set forth herein.

[  ]   (BY MAIL)  I am familiar with the practice of Amin Talati Wasserman, LLP for collection and processing of correspondence for mailing with the United States Postal Service.  Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.  On this date, a copy of said document was placed in a sealed envelope, with postage fully prepaid, addressed as set forth herein, and such envelope was placed for collection and mailing at Amin Talati Wasserman, LLP, following ordinary business practices.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this declaration was executed on December 2, 2022.

_____
Mariam A. Yusuf