UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DREW MOORE,<br><br>        Plaintiff,<br><br>        v.<br><br>EO PRODUCTS, LLC,<br><br>        Defendant. | Case No. 22-cv-07618-JST<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>Re: ECF No. 9 |

Before the Court is Defendant EO Products, LLC's ("EO") motion to dismiss. ECF No. 9. The Court will grant the motion in part and deny it in part.

**I.  BACKGROUND**

    **A.  Factual Background[1]**

"In recent years, consumers have poured billions$_3$ of dollars into the natural or plant-based skincare and/or cosmetic market." ECF No. 8 ¶ 10. Consumers value these products because of "perceived benefits of avoiding diseases, attaining health and wellness, helping the environment, assisting local farmers, assisting factory workers who would otherwise be exposed to synthetic and hazardous substances, and financially supporting companies that share these values." *Id.*

EO "manufacture[s], market[s], promote[s], advertise[s], label[s], package[s], and sell[s] a variety of personal and/or skincare and cosmetic products," ECF No. 8 ¶ 14, including "[p]roducts sold under the Everyone brand name," *id.* ¶ 4. Fifty-seven of those products (collectively, the "Products") are labeled "made with plants," "plant-based," "plant-based moisturizers," "made with plants," "made with plant extracts," and/or "made with plant-based extracts" (collectively,

---

[1] For purposes of resolving the present motion, the Court accepts as true the factual allegations in the complaint, ECF No. 8 at 7–68.

the "Plant-Based Representations"). *Id.* ¶ 15–74. The Products labels also have "images of plants, including flowers [] [and] green leaves[,] . . . a green background[,] and/or . . . green color font." *Id.* However, the Products contain "synthetic, non-plant-based, animal based, and/or highly processed ingredients." *Id.* ¶ 75. Accordingly, the labels "materially misrepresent[] that the Products only contain ingredients that come from plants, and/or that are not subjected to chemical modification or processing, which materially altered the ingredients' original plant-based composition." *Id.* ¶ 81.

Moore purchased one or more of the Products, including Everyone Spearmint + Lemongrass hand soap, in early 2022 after reading and relying upon the truthfulness of its label.[2] ECF No. 8 ¶ 2. He "would not have purchased the Products, or would have purchased the Products on different terms, if [he] had known the truth—that the Plant-Based Representations are false and the Products contain non-natural, non-plant based, synthetic, and highly processed ingredients." *Id.* ¶ 83.

Moore also contends that EO "knew, or should have known, that the Plant-Based Representations were false, misleading, deceptive, and unlawful, at the time that [it] advertised the Products and intentionally and deliberately placed the Plant-Based Representations on the Products' labeling and packaging." *Id.* ¶ 82. And that because of EO's representations, reasonable consumers, including Moore, "purchased the Products to their detriment." *Id.* ¶ 83.

### B.     Procedural History

On October 5, 2022, Moore filed this action against EO in Marin County Superior Court. ECF No. 1 at 2. Moore seeks to represent a class of "[a]ll residents of the United States who, within the applicable statute of limitations periods, purchased the Products ('Nationwide Class')," as well as a class of "[a]ll residents of California who, within four years prior to the filing of this

---

[2] The complaint is unclear regarding whether Moore purchased EO's Very Emollient Body Wash – Ocean Surf, Everyone Spearmint + Lemongrass hand soap, or both. Compare *id.* ¶¶ 2, 84. Defendants refer only to Moore having purchased Everyone Spearmint + Lemongrass hand soap. *See* ECF Nos. 9 at 10, 18 at 22. In his opposition to the motion, Moore describes himself as having purchased an unspecified "Hand Soap Product," which would seem not to include body wash. *See* ECF No. 18 at 22. The Court does not address this ambiguity further because it does not affect the Court's ruling. The Court hopes that future pleadings and briefs will be clearer.

1   Complaint, purchased the Products ('California Subclass')." ECF No. 8 ¶ 85. Moore asserts the
2   following claims for relief: (1) violations of California's Unfair Competition Law ("UCL") (on
3   behalf of the California Subclass); (2) violations of California's False Advertising Law ("FAL")
4   (on behalf of the California Subclass); (3) violations of California's Consumer Legal Remedies
5   Act ("CLRA") (on behalf of the California Subclass); (4) breach of express warranty (on behalf of
6   the nationwide class and the California subclass); and (5) breach of express warranty (on behalf of
7   the nationwide class and the California subclass). *Id.* ¶¶ 96–188.

8       EO removed the action to this Court on December 2, 2022, asserting that this Court has
9   subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, ECF No. 1 at 3,
10  which Moore has not disputed. EO now moves to dismiss the complaint. ECF No. 9. Moore
11  opposes the motion, ECF No. 18, and EO replied, ECF No. 19.

12  **II.   JURISDICTION**

13      The Court has jurisdiction under 28 U.S.C. § 1332(d)(2).

14  **III.  REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE**

15      EO requests that the Court take judicial notice of the following: (1) dictionary definitions
16  of "base" and "based," ECF No. 9-2 at 6, 8; (2) publications that appear on the United States
17  Department of Agriculture ("USDA") and Food and Drug Administration's ("FDA") webpages,
18  *id.* at 10–11, 14–16, 18–19, 21–27, 29–30; and (3) the complete label for Everyone Spearmint +
19  Lemongrass hand soap, *id.* at 32–35. "As a general rule, [courts] 'may not consider any material
20  beyond the pleadings in ruling on a Rule 12(b)(6) motion.'" *United States v. Corinthian Colleges*,
21  655 F.3d 984, 998 (9th Cir. 2011) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir.
22  2001)). "When 'matters outside the pleading are presented to and not excluded by the court,' the
23  12(b)(6) motion converts into a motion for summary judgment under Rule 56," unless those
24  matters satisfy the "incorporation-by-reference doctrine" or the standard for "judicial notice under
25  Federal Rule of Evidence 201." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir.
26  2018) (quoting Fed. R. Civ. P. 12(d)).

27      EO argues, and Moore does not dispute, that the definitions of "base" and "based" are
28  judicially noticeable because they are "dictionary definitions publicly available and accessible via

3

1   their respective URLs." ECF No. 9-2 at 3. The parties also do not dispute that the Court may take
2   judicial notice of the complete label for Everyone Spearmint + Lemongrass hand soap because it
3   has been incorporated by reference into the complaint. *Id.* at 4.

4         The Court agrees that it may take judicial notice of the dictionary definitions of "base" and
5   "based." *See Martinez v. Mead Johnson & Co., LLC*, No. 5:22-cv-00213-JWH-SHK, 2022 WL
6   15053334, at *4 (C.D. Cal. Oct. 22, 2022), *appeal dismissed*, No. 23-55141, 2023 WL 5246374
7   (9th Cir. May 30, 2023) (taking judicial notice of "definitions of the word 'based' from online
8   dictionaries"); *see also Wilshire Westwood Assocs. v. Atl. Richfield Corp.*, 881 F.2d 801, 803 (9th
9   Cir. 1989) (taking judicial notice of the dictionary definition of "fraction"). Additionally, the
10  Court concludes that the complete label for Everyone Spearmint + Lemongrass hand soap has
11  been incorporated by reference into the complaint.[3] The label is referenced in the complaint, ECF
12  No. 8 ¶ 57, forms the basis of Moore's claims, *id.* ¶¶ 16, 57, 75–188, and Moore does not dispute
13  its authenticity, *see Zeiger v. WellPet LLC*, 304 F. Supp. 3d 837, 845 (N.D. Cal. 2018) (in a
14  product labeling case, finding that the labels for the products at issue were incorporated by
15  reference). Accordingly, the Court grants EO's request with respect to the dictionary definitions
16  of "base" and "based," as well as the complete Everyone Spearmint + Lemongrass label, and
17  considers those documents.

18        EO also argues that the documents published on USDA and FDA's webpages constitute
19  "[i]nformation on government agency websites," which "has regularly been treated as properly
20  subject to judicial notice." ECF No. 9-2 at 3. Moore counters that the "the Court should decline
21  to take judicial notice of" the publications on the USDA and FDA's webpages because "they
22  concern disputed facts." *Id.* The Court agrees with Moore.

23        While "[a] court may take judicial notice of matters of public record without converting a

---

[3] Although some courts use the terms interchangeably, judicial notice and incorporation by reference are separate procedures that "permit district courts to consider materials outside a complaint . . . for different reasons and in different ways." *Khoja*, 899 F.3d at 998. While EO frames its request for the Court to consider the complete Everyone Spearmint + Lemongrass hand soap label as one for judicial notice, it is clear that it actually seeks a ruling that the documents have been incorporated by reference. ECF No. 9-2 at 4 (arguing that the label is "incorporated by reference" because it "is a document extensively referenced in and partially attached to [Moore's] [c]omplaint"). Accordingly, the Court considers the request pursuant to that doctrine.

motion to dismiss into a motion for summary judgment," *Lee*, 250 F.3d at 689 (quotation marks and citation omitted), it "cannot take judicial notice of disputed facts contained in such public records," *Khoja*, 899 F.3d at 999. Indeed, the Ninth Circuit has warned that "the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery." *Id.* at 998. Here, because EO has proffered the USDA and FDA publications to dispute the facts alleged in the complaint, the Court denies EO's request for judicial notice with respect to those documents and does not consider them.

## IV.  LEGAL STANDARD

"Dismissal under [Federal Rule of Civil Procedure] 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Facts pleaded by a plaintiff "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In determining whether a plaintiff has met this plausibility standard, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

Additionally, any claims that are "grounded in fraud . . . must satisfy the traditional plausibility standards of Rules 8(a) and 12(b)(6), as well as the heightened pleading requirements of Rule 9(b)." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 964 (9th Cir. 2018). Under Rule 9(b) "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Allegations of fraud must "be specific enough to give defendants notice of the

1  particular misconduct so that they can defend against the charge and not just deny that they have
2  done anything wrong." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)
3  (internal quotation marks, alterations, and citations omitted). And "averments of fraud must be
4  accompanied by the who, what, when, where, and how of the misconduct charged." *Id.*

## V. DISCUSSION

EO seeks dismissal of the complaint on the following grounds: (1) Moore lacks Article III and statutory standing; (2) the California consumer protection claims fail because Moore "fails to plead with specificity why" the packaging at issue would mislead a reasonable consumer; (3) the breach of express warranty claim fails because the packaging at issue does not create a warranty; (4) Moore's unjust enrichment claim fails because there is no independent cause of action for unjust enrichment under California law; (5) Moore is foreclosed from seeking equitable relief and remedies because he has an adequate remedy at law; and (6) Moore fails to meet the heightened pleading standard for punitive damages. ECF No. 9 at 12–32. The Court addresses each argument in turn.

### A. Standing for Products Not Purchased

EO argues that Moore lacks Article III and statutory standing under the UCL, FAL, and CLRA to pursue all claims for the Products he did not purchase. ECF No. 9 at 23–25. Specifically, EO urges the Court to conclude "that absent economic injury, [Moore's] claims for products []he did not purchase must be dismissed for lack of standing" as outlined in *Lorentzen v. Kroger Co.*, 532 F. Supp. 3d 901 (C.D. Cal. 2021). ECF No. 9 at 23. It also argues that even if the Court declines to follow *Lorentzen*, Moore still lacks Article III standing because the product he "purchased is not substantially similar to the other products," *id.* at 25, and he lacks statutory standing under the UCL, FAL, and CLRA because "he suffered no injury in fact with respect the unpurchased product and did not lose money or property with respect to the unpurchased product," *id.* at 24.

Moore counters that "[t]he Court should reject EO's argument as premature because 'applying the concept of standing to dismiss proposed class action allegations is a category mistake.'" ECF No. 18 at 27 (quoting *Clancy v. The Bromley Tea Co.*, 308 F.R.D. 564, 571 (N.D.

6

1   Cal. 2013)). And that he "need not show at this juncture that the Products he purchased were

2   substantially similar" to all the Products in the complaint. *Id.* at 28. The Court agrees with

3   Moore.

4   First, the Ninth Circuit has held that courts should apply the "class certification approach,"

5   not the "standing approach," when analyzing purported dissimilarities between class

6   representatives and unnamed class members. *Melendres v. Arpaio*, 784 F.3d 1254, 1262 (9th Cir.

7   2015) (quoting Newberg on Class Actions § 2:6). Under this approach, "any issues regarding the

8   relationship between the class representative and the passive class members—such as dissimilarity

9   in injuries suffered—are relevant only to class certification, not to standing." *Id.* (quoting

10  Newberg on Class Actions § 2:6). The Ninth Circuit cautioned that "[i]n determining what

11  constitutes the same type of relief or the same kind of injury, '[courts] must be careful not to

12  employ too narrow or technical an approach.'" *Id.* at 1263 (quoting *Armstrong v. Davis*, 275 F.3d

13  849, 868 (9th Cir. 2001), *abrogated on other grounds by Johnson v. California*, 543 U.S. 499

14  (2005) *as recognized in B.K. by next friend Tinsley v. Snyder*, 922 F.3d 957, 974 (9th Cir. 2019)).

15  After *Melendres*, this Court and others in this district have applied the class certification

16  approach to whether class representatives may represent a class of individuals who purchased

17  different products from the class representatives. *See, e.g.*, *Dailey v. A&W Concentrate Co.*, 519

18  F. Supp. 3d 668, 672 (N.D. Cal. 2021) ("[I]t is premature to consider [plaintiffs'] ability to

19  represent a class who purchased different products than [they] did."). While courts do not speak

20  with one voice on this issue, *see, e.g.*, *Lorentzen*, 532 F. Supp. 3d at 908, the Court will continue

21  to apply the class certification approach to this question because "[a]lthough *Melendres* 'involved

22  a dissimilarity in injuries suffered,'" and this case involves a named plaintiff bringing claims for

23  products he did not purchase, "the distinction is not material for purposes of taking the class

24  certification approach," *Hrapoff v. Hisamitsu Am., Inc.*, No. 21-cv-01943-JST, 2022 WL 2168076,

25  at *2 (N.D. Cal. June 16, 2022) (quoting *Pecanha v. The Hain Celestial Grp., Inc.*, No. 17-cv-

26  04517-EMC, 2018 WL 534299, at *9 (N.D. Cal. Jan. 24, 2018)).

27  Second, and relatedly, it is premature to consider whether the Product purchased by Moore

28  is sufficiently similar to the other Products in the complaint. "[W]hether products are 'sufficiently

similar' is an appropriate inquiry, but it does not relate to standing: a plaintiff has no more standing to assert claims relating to a 'similar' product he did not buy than he does to assert claims relating to a 'dissimilar' product he did not buy." *Clancy*, 308 F.R.D. at 571. Accordingly, "analyzing the 'sufficient similarity' of the products is not a standing inquiry, but rather an early analysis of the typicality, adequacy, and commonality requirements of Rule 23." *Id.*

Therefore, the Court will not dismiss for lack of standing Moore's claims for products that he did not purchase.

## B. Standing for Injunctive Relief

EO contends that Moore lacks Article III standing to pursue injunctive relief because he "fails to plausibly allege a desire to purchase EO's 'plant-based' or 'made with plants' products in the future." ECF No. 9 at 26. Moore replies that he has standing because his "allegations of the threat of future harm align precisely with *Davidson*[, 889 F.3d 956]," i.e., "[h]e 'continues to see the Products available for purchase and desires to purchase them again if the Plant-Based Representations were true,' but he 'is, and continues to be, unable to rely on the truth of the Products' Plant-Based Representations.'" ECF No. 18 at 30 (quoting ECF No. 8 ¶ 2).

In the Ninth Circuit,

> a previously deceived consumer may have standing to seek an injunction against false advertising or labeling, even though the consumer now knows or suspects that the advertising was false at the time of the original purchase, because the consumer may suffer an "actual and imminent, not conjectural or hypothetical" threat of future harm.

*Davidson*, 889 F.3d at 969 (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)). "Knowledge that the advertisement or label was false in the past does not equate to knowledge that it will remain false in the future." *Id.*

In *Davidson*, the Ninth Circuit observed that "the threat of future harm may be the consumer's plausible allegations that she will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to," or "may be the consumer's plausible allegations that she might purchase the product in the future, despite the fact it was once marred by false advertising or labeling, as she may reasonably, but incorrectly,

8

assume the product was improved." *Id.* at 969–70.  The Ninth Circuit held that the plaintiff had standing to seek injunctive relief because she alleged that "she 'continues to desire to purchase wipes that are suitable for disposal in a household toilet'; 'would purchase truly flushable wipes manufactured by [Kimberly–Clark] if it were possible'; 'regularly visits stores . . . where [Kimberly–Clark's] 'flushable' wipes are sold'"; and continually sees "Kimberly–Clark's flushable wipes packaging but has 'no way of determining whether the representation 'flushable' is in fact true.'" *Id.* at 970–71.  In other words, in the Ninth Circuit, a plaintiff has standing to pursue injunctive relief if:

> (1) the consumer[] plausibl[y] alleg[es] that they will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although they would like to; or (2) the consumer[] plausibl[y] alleg[es] that they might purchase the product in the future, despite the fact it was once marred by false labeling because they may reasonably, but incorrectly, assume the product was improved.

*Brown v. Natures Path Foods, Inc.*, No. 21-cv-05132-HSG, 2022 WL 717816, at *5 (N.D. Cal. Mar. 10, 2022) (citing *Davidson*, 889 F.3d at 969–70).

Moore satisfies these requirements.  He alleges that he (1) "continues to see the Products available for purchase and desires to purchase them again if the Plant-Based Representations were true"; (2) "is, and continues to be, unable to rely on the truth of the Products' Plant-Based Representations"; and (3) "does not know the meaning or the import of the Products' ingredients, including whether the ingredients come from plants or minerals, or whether the ingredients' original plant-based or mineral composition has been materially altered by chemical modification and processing."  ECF No. 8 ¶ 2; *see also id.* ¶ 3.  Accordingly, Moore has "plausibly pled a threat of future harm by alleging that [he] will be unable to rely on the Product's advertising or labeling in the future, and so will not purchase the Products although [he] would like to." *Brown*, 2022 WL 717816, at *5.

EO's arguments to the contrary are unavailing.  First, EO argues that Moore lacks standing because he "candidly admits that his willingness to consider repurchasing depends on EO reformulating its products."  ECF No. 9 at 27.  While allegations that a plaintiff would purchase a product if the ingredients in it were reformulated are insufficient to plead standing for injunctive

9

relief, courts will find standing when they can "fairly interpret the complaint as alleging that [the plaintiff] would purchase the products again in the future if they were not misleadingly labeled." *Brown v. Van's Int'l Foods, Inc.*, No. 22-cv-00001-WHO, 2022 WL 1471454, at *11 (N.D. Cal. May 10, 2022) (finding that allegations that the plaintiff "would likely purchase the products again in the future if they were reformulated to contain the amount of protein represented on the labels" subject to this interpretation); *Brown*, 2022 WL 717816, at *6 (denying a motion to dismiss an injunctive relief claim because allegations that "[i]f the Products were reformulated to provide the grams of protein that are represented on the labels, [Plaintiffs] would likely purchase them again in the future" could be plausibly read to mean that "Plaintiffs simply seek to buy the Products *as advertised*" (alterations and emphasis in original)). Like in the *Brown* cases, Moore's allegations can be reasonably interpreted to mean that he would purchase the Products again if they were correctly labeled.

Second, EO argues that if Moore would like to purchase the Products again, he can review the labeling to "see if the Products still contain plant-based ingredients that have undergone processing, or ingredients that are only unprocessed, unmodified plants, which by law must be identified by their common, botanical name, part of plan, and type of material . . . ." ECF No. 19 at 13. This argument is not convincing, however, in light of Moore's allegation that he "does not know the meaning or the import of the Products' ingredients, including whether the ingredients come from plants or minerals, or whether the ingredients' original plant-based or mineral composition has been materially altered by chemical modification and processing." ECF No. 8 ¶ 2. Defendants' argument is insufficient "at this juncture of the proceedings because, as Plaintiffs point out, it is not readily apparent that the ingredient list would be helpful—*i.e.*, it is not clear that a reasonable consumer would be able to determine whether the ingredients on the ingredient list were" plant-based or not. *Pecanha v. The Hain Celestial Grp., Inc.*, No. 17-CV-04517-EMC, 2018 WL 534299, at *5 (N.D. Cal. Jan. 24, 2018). EO creates a factual dispute that cannot be resolved at the motion to dismiss stage. *See Jones v. ConAgra Foods, Inc.*, 912 F. Supp. 2d 889, 897 n.2 (N.D. Cal. 2012).

Therefore, Moore has plausibly alleged that he has standing to pursue injunctive relief.

1    The Court denies EO's motion to dismiss on this ground.

### C. Consumer Protection Claims

The parties agree that Moore's consumer protection law claims are governed by the "reasonable consumer" test. *See, e.g.*, *Williams v. Gerber*, 552 F.3d 934, 938 (9th Cir. 2008) ("Appellants' claims under [California's Unfair Competition Law and Consumers Legal Remedies Act] are governed by the 'reasonable consumer' test."). However, they dispute whether a reasonable consumer would be misled by the Plant-Based Representations and the Products' label such that they believe the Products "only contain ingredients that come from plants and/or minerals, and that are not subject to chemical modification or processing, which materially alters the ingredients' original plant-based or mineral composition." ECF No. 8 ¶ 13; *see also* ECF Nos. 9 at 12–23, 18 at 13–27, 19 at 6–11.

To survive a motion to dismiss under the reasonable consumer test, the plaintiff must plead facts sufficient to show that the "alleged misrepresentations are 'likely to deceive' reasonable consumers." *Broomfield v. Craft Brew All., Inc.*, No. 17-cv-01027-BLF, 2017 WL 3838453, at *5 (N.D. Cal. Sept. 1, 2017), *on reconsideration in part on other grounds*, No. 17-cv-01027-BLF, 2017 WL 5665654 (N.D. Cal. Nov. 27, 2017), (quoting *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995)). "Courts have recognized that the deceptive nature of a business practice . . . is usually a question of fact that is inappropriate for . . . a motion to dismiss." *Id.* However, "[c]ourts granting motions to dismiss under the reasonable consumer test are upheld in 'rare situations.'" *Id.* at 5 (quoting *Williams*, 552 F.3d at 938).

Other courts, including in this district, have found representations and labels similar to those at issue here sufficient to establish that the "[p]laintiff[] plausibly allege that [the] [d]efendant falsely or misleadingly represented that its products were natural or plant-derived, that a reasonable consumer would rely on those representations in purchasing [d]efendant's products, and that a reasonable consumer would understand those representations to mean that the products did not contain unnatural or synthetic ingredients." *Maisel v. S.C. Johnson & Son, Inc.*, No. 21-cv-00413-TSH, 2021 WL 1788397, at *9 (N.D. Cal. May 5, 2021) (collecting cases); *see, e.g.*, *Przybylak v. Bissell Better Life LLC*, No. CV 19-2038 PA (GJSx), 2019 WL 8060076, at *1 (C.D.

11

1  Cal. July 19, 2019) ("household cleaning and personal care products" labeled "natural, plant-
2  derived, or non-toxic; accomplish their purposes naturally; contain no harmful ingredients; or are
3  made with plant-derived cleaning agents or 100% plant-derived cleaning agents" (quotation marks
4  and citation omitted)); *Kutza v. Williams-Sonoma, Inc.*, No. 18-cv-03534-RS, 2018 WL 5886611,
5  at *1 (N.D. Cal. Nov. 9, 2018) ("lotions, hand soaps, dish soaps, room sprays, countertop sprays,
6  and all-purpose cleaners" that "state[d] [they] are naturally derived" and were marketed as
7  "natural, naturally derived, or plant-based"). *Maisel* in particular is instructive because the
8  allegations there are substantially similar to those of Moore: (1) the products' labels stated "Plant-
9  based ingredients," "With plant-based ingredients," "Plant-based & mineral ingredients," or "With
10 plant-based and mineral ingredients"; and (2) "[t]he products . . . display[ed] images of plants,
11 including flowers and leaves, and use[d] green coloring." 2021 WL 1788397, at *9; *see also* ECF
12 No. 8 ¶ 15 (alleging that the Products were labeled as "made with plants," "plant-based," "plant-
13 based moisturizers," "made with plants," "made with plant extracts," and/or "made with plant-
14 based extracts" and display[] images of plants, including flowers [] [and] green leaves[,] . . . a
15 green background[,] and/or . . . green color font"). As the *Maisel* court explained, the weight of
16 authority finds that Moore's understanding of the Plant-Based Representations is plausible.[4] 2021
17 WL 1788397, at *9–10 (citing and analyzing *Przybylak*, 2019 WL 8060076; *Kutza*, 2018 WL
18 5886611; *Gregorio*, 2018 WL 732673; *Shank*, 2018 WL 510169). The court reasoned that
19 "although the products do not make any objective representations about the amount of plant-based
20 and mineral ingredients, it is plausible that a reasonable consumer could be deceived into thinking
21 the products only contain ingredients that come from plants and/or from plants and minerals." *Id.*
22 at *10. The Court finds the reasoning in *Maisel* persuasive, and therefore, concludes that Moore

---

[4] EO contends that this caselaw is distinguishable because "nearly all th[e] cases involved products with more aggressive marketing claims than those on [EO's] Products." ECF No. 19 at 7. As explained above, the Court finds the claims in *Maisel* to be substantially similar to the Plant-Based Representations, not more "aggressive." And those cases that did involve claims that were more aggressive also addressed claims that were substantially similar or identical to the Plant-Based Representations. *See, e.g.*, *Przybylak*, 2019 WL 8060076, at *1; *Kutza*, 2018 WL 5886611, at *1; *Gregorio v. Clorox Co.*, No. 17-cv-03824-PJH, 2018 WL 732673, at *1 (N.D. Cal. Feb. 6, 2018); *Shank v. Presidio Brands, Inc.*, No. 17-cv-00232-DMR, 2018 WL 510169, at *1 (N.D. Cal. Jan. 23, 2018)).

United States District Court
Northern District of California

plausibly alleged that a reasonable consumer would be misled by the Product's labels to believe that they "only contain ingredients that come from plants and/or from plants and minerals and that are not subject to chemical modification or processing, which materially alters the ingredients' original plant-based composition." ECF No. 8 ¶ 7.

EO's arguments to the contrary are unavailing. First, EO urges the Court to "reject [Moore's] idiosyncratic definition of 'plant-based.'" ECF No. 9 at 14–15. However, the Court has already found it plausible for a reasonable consumer to interpret the Plant-Based Representations as meaning that the Products only contain ingredients that come from plants and minerals. EO at most presents another plausible interpretation, which merely creates a factual dispute that the Court cannot resolve at the motion to dismiss stage. *See Jones*, 912 F. Supp. 2d at 897 n.2.

Second, EO argues that because "there is no deceptive act to be dispelled and "the Product labels clearly indicate the Products . . . do not contain exclusively plant ingredients, it is not plausible that a reasonable consumer would be deceived by the product's packaging." ECF No. 19 at 10–11. The Court has already concluded, however, that Moore has plausibly pleaded that the Plant-Based Representations are misleading, and "the reasonable consumer is not expected to pick up the product and examine the fine print on the ingredient list." *Tucker v. Post Consumer Brands, LLC*, No. 19-cv-03993-YGR, 2020 WL 1929368, at *5 (N.D. Cal. Apr. 21, 2020); *see also Williams*, 552 F. 3d at 939–40 ("We do not think that the FDA requires an ingredient list so that manufacturers can mislead consumers and then rely on the ingredient list to correct those misinterpretations and provide a shield for liability for the deception.").

Accordingly, the Court denies EO's motion to dismiss on this ground.

D. **Breach of Warranty**

The parties dispute whether Plaintiffs can bring a breach of express warranty claim based on the Products' labels. ECF Nos. 9 at 28–29, 18 at 30–32, 19 at 14. EO also argues because Plaintiff's express warranty claim is "based on the same theory as his UCL, FAL[,] and CLRA

13

claims," the claim fails for the same reasons that his consumer protection claims fail.[5]  ECF No. 19 at 14.

This Court and others in the Ninth Circuit have previously found that plaintiffs have stated common law breach of express warranty claims based on allegedly misleading food labeling.  *See, e.g.*, *Brenner v. Procter & Gamble Co.*, No. SACV 16-1093-JLS (JCG), 2016 WL 8192946, at *1, *8 (C.D. Cal. Oct. 20, 2016) ("Natural Clean" baby wipes); *Musgrave v. ICC/Marie Callender's Gourmet Prod. Div.*, No. 14-cv-02006-JST, 2015 WL 510919, at *10 (N.D. Cal. Feb. 5, 2015) ("[A]ll natural" bread and muffin mixes); *Brown v. Hain Celestial Grp., Inc.*, 11-cv-03082-LB, 2012 WL 6697670, at *16 (N.D. Cal. Dec. 22, 2012) ("All Natural & Organic" cosmetic products); *Vicuna v. Alexia Foods, Inc.*, 11-cv-6119-PJH, 2012 WL 1497507, at *2 (N.D. Cal. Apr. 27, 2012) ("All natural" potato products).

The case that EO relies on is distinguishable.  *See Broomfield*, 2017 WL 3838453, at *10.  In *Broomfield*, the plaintiffs argued that a "mailing address [for a brewery] in Kona, Hawaii, [a] map of Hawaii, and [an] invitation to visit the brewery" constituted an "express[] warrant[y] that the beer [was] brewed in Hawaii." *Id.*  The court concluded that these representations "d[id] not amount to an 'affirmation of fact or promise' that the beer [was] made in Hawaii," and noted that the representations were "each true statements that identify a real brewery in Kona, Hawaii." *Id.*  In contrast, Moore's allegations are based on the express statements that the Products were "[m]ade with plants," "plant-based," "made with plant extracts," and/or "made with plant-based extracts."  ECF No. 8 ¶ 6.  Additionally, as previously discussed, the Court has found that Plaintiff adequately alleged that a reasonable consumer would be misled by these representations.  These provide a possible basis for an unjust enrichment claim.  Therefore, it is possible that Plaintiff could state a common law claim for breach of express warranty.

However, Moore fails to allege under which state's law he is bringing the breach of express warranty cause of action.  That failure is grounds for dismissal.  *In re Nexus 6P Prods.*

---

[5] EO also argues that Plaintiff fails to state a claim for breach of implied warranty.  However, Plaintiff brings a claim only for breach of express warranty.  *See* ECF No. 8 ¶¶ 96–188.  Therefore, the Court does not address this argument.

1    *Liab. Litig.*, 293 F. Supp. 3d 888, 933 (N.D. Cal. 2018) ("[D]ue to variances among state laws,
2    failure to allege which state law governs a common law claim is grounds for dismissal." (quoting
3    *Romero v. Flowers Bakeries, LLC*, No. 14-cv-05189-BLF, 2016 WL 469370, at *12 (N.D. Cal.
4    Feb. 8, 2016)). At the risk of stating the obvious, the Court cannot assess the adequacy of a claim
5    without knowing which jurisdiction's law to apply. *Dollar Props., Inc. v. Myers Fin. Grp., Inc.*,
6    719 F. Supp. 734, 735 (N.D. Ill . 1989) ("To determine whether the defendants are entitled to
7    judgment based upon the pleadings, this court must first determine which state's law applies to
8    this case."). Thus, the Court must dismiss Plaintiffs breach of express warranty claims, but will
9    grant leave to amend because it appears "that the pleading could . . . be cured by the allegation of
10   other facts." *OSU Student All. v. Ray*, 699 F.3d 1053, 1079 (9th Cir. 2012) *cert. denied*, 134 S. Ct.
11   70 (2013) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc)). Any breach of
12   express warranty claims in an amended complaint shall identify the state under whose law the
13   claim is brought, and each state law claim (if there is more than one) shall be pleaded as a separate
14   count. *In re Natera Prenatal Testing Litig.*, --- F.Supp.3d ----, No. 22-cv-00985-JST, 2023 WL
15   3370737, at *8 n. 10 (N.D. Cal. Mar. 28, 2023).

16            **E.      Unjust Enrichment**

17            The parties dispute whether California recognizes unjust enrichment as an independent
18   cause of action. ECF Nos. 9 at 30, 18 at 32, 19 at 13-14. Additionally, EO argues that the unjust
19   enrichment claim is "duplicative to [sic] Plaintiff's CLRA, FAL, and UCL claims, and therefore
20   fails for the same reasons as those other claims." ECF No. 19 at 14.

21            First, as this Court has previously explained, "both the Ninth Circuit and the California
22   Supreme Court construe California law to permit a cause of action for unjust enrichment." *Russell*
23   *v. Walmart, Inc.*, --- F.Supp.3d ----, No. 22-cv-02813-JST, 2023 WL 4341460, at *2 (N.D. Cal.
24   July 5, 2023). The Court declines to follow the California Court of Appeal decision cited by EO
25   that holds otherwise. *De Havilland v. FX Networks, LLC*, 21 Cal. App. 5th 845 (2018) (holding
26   "[u]njust enrichment is not a cause of action"). The *De Havilland* court relied upon *Hill v. Roll*
27   *Internat. Corp.*, 195 Cal. App. 4th 1295 (2011) in support of its holding that unjust enrichment
28   was not a cause of action. However, *Hill* was decided before the California Supreme Court

15

decision, *Hartford Casualty Ins. Co. v. J.R. Marketing, L.L.C.*, which held that none of the "numerous objections to the proposition that a direct action . . . for unjust enrichment can lie . . . compels the conclusion that such a claim is absolutely foreclosed," 61 Cal. 4th 988, 1000 (2015). Thus, Moore may bring standalone claims for unjust enrichment under California law.

Second, as the Court previously discussed, Moore has sufficiently pleaded claims under California's consumer protection statutes. These provide a potential basis for an unjust enrichment claim.

However, Moore's unjust enrichment claim suffers from the same deficiency as his express warranty claim: it does not specify which state law it is being brought under, and must therefore be dismissed. *In re Natera Prenatal Testing Litig.*, 2023 WL 3370737, at *8 n. 10. The Court grants leave to amend the claim because it appears "that the pleading could . . . be cured by the allegation of other facts." *OSU Student All.*, 699 F.3d at 1079 (quoting *Lopez*, 203 F.3d at 1130). Any unjust enrichment claims in an amended complaint shall identify the state under whose law the claim is brought, and each state law claim (if there is more than one) shall be pleaded as a separate count. *In re Natera Prenatal Testing Litig.*, 2023 WL 3370737, at *8 n. 10.

### F. Equitable Relief

EO argues that the Court must dismiss "Plaintiff's claims for equitable relief . . . because they do not (and cannot) sufficiently allege the requisite inadequacy of legal remedies." ECF No. 9 at 30. Moore argues that his allegation that he "has no adequate remedy at law" is sufficient at this stage. ECF No. 18 at 32.

The Court agrees with Moore. He pleads the absence of an adequate remedy at law, ECF No. 8 ¶ 151, which is all that is required under *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020) at the pleadings stage. *In re Natera Prenatal Testing Litig.*, 2023 WL 3370737, at *10 (collecting cases and noting that the majority of courts in this district require only that Plaintiffs plead that they lack an adequate remedy at law at the pleadings stage). Accordingly, the Court concludes that Moore has sufficiently pleaded his claims for equitable relief and denies EO's motion to dismiss on this basis.

### G. Punitive Damages

EO contends that Moore's "allegations . . . do not meet the heightened pleading requirement for punitive damages." ECF No. 9 at 31. Because Moore adequately pleads fraudulent conduct, however, "it is not appropriate to dismiss claims for punitive damages at this time." *Flodin v. Cent. Garden & Pet Co.*, No. 21-cv-01631-JST, 2022 WL 20299955, at *3 (N.D. Cal. Jan. 20, 2022) (quoting *Takano v. Procter & Gamble Co.*, No. 2:17-cv-00385-TLN-AC, 2018 WL 5304817, at *14 (E.D. Cal. Oct. 24, 2018)). Therefore, the Court denies EO's motion to dismiss Moore's punitive damages claims.

## CONCLUSION

For the foregoing reasons, EO Products' motion to dismiss is granted with leave to amend with respect to Moore's claims for breach of express warranty and unjust enrichment. In all other respects, EO's motion to dismiss is denied.

Leave to amend is granted solely to cure the deficiencies identified above. Any amended complaint shall be filed within 21 days of this order.

**IT IS SO ORDERED.**

Dated: September 29, 2023

_____
JON S. TIGAR
United States District Judge

17