

Craig W. Straub (SBN 249032)
Zachary M. Crosner (SBN 272295)
9440 Santa Monica Blvd., Ste. 301
Beverly Hills, CA 90210
craig@crosnerlegal.com
zach@crosnerlegal.com
Tel: (866) 276-7637

September 17, 2024

**VIA ECF**
The Honorable Jon S. Tigar
U.S. District Court for the
Northern District of California
Oakland Courthouse
Courtroom 6 – 2nd Floor
1301 Clay Street
Oakland, CA 94612

Re:   *Drew Moore and Jana Nicole Rabinowitz v. EO Products, LLC*
       Case No. 4:22-cv-07618-JST (N.D. Cal.)

Dear Judge Tigar:

Plaintiffs Drew Moore and Jana Nicole Rabinowitz ("Rabinowitz") and Defendant EO Products, LLC ("EO") submit this Joint Letter Brief pursuant to Section H of your Honor's Standing Order for All Civil Cases. The parties exchanged their positions between September 3–9, 2024, and via videoconference on September 9, 2024, but have been unable to resolve the following discovery dispute.

**I.    DISPUTE: WHETHER RABINOWITZ SHOULD BE REQUIRED TO ATTEND AN IN-PERSON DEPOSITION**

**A.    Plaintiffs' Position**

Rabinowitz was added to this action when the First Amended Complaint was filed. *See* ECF No. 47. She is citizen of New York and a proposed class representative for the New York class, asserting consumer protection claims under New York law. *See id.* at ¶¶ 89, 178-195. EO has not sent a formal Notice of Deposition of Rabinowitz but has asserted that her deposition must be taken in-person in the Northern District of California.

Rabinowitz is certainly willing to travel to testify in-person at the class trial. However, there is no practical reason for Rabinowitz to fly across the country to attend a deposition since remote depositions are routine, cost effective, and just as effective for testing a witness's credibility. "[M]any courts have held that remote videoconference depositions offer the deposing party a sufficient opportunity to evaluate a deponent's nonverbal responses, demeanor, and overall credibility." *Learning Resources, Inc. v. Playgo Toys Enterprises Ltd.*, 335 F.R.D. 536, 539 (N.D. Ill 2020) (collecting and following six cases). As stated to EO by Plaintiffs' counsel during the meet and confer process, the only difference between taking a deposition in-person or remotely is that an in-person deposition "waste[s] money, time, and environmental resources." In response,

Joint Letter Brief: Discovery Dispute Regarding In-Person Deposition
September 17, 2024
Page 2 of 6

EO stated it must take the deposition in person to "evaluate her credibility in person."

"[T]he court may on motion order [] that a deposition be taken by telephone or other remote means." FED. R. CIV. P. 30(b)(4). "The party seeking a remote deposition pursuant to Rule 30(b)(4) must first establish a legitimate reason." *JUUL Labs Inc. v. Chou*, 2022 WL 2165411, at *3 (C.D. Cal. Feb. 11, 2022). "[I]f that foundational showing is made, then the burden shifts to the opposing party to make a 'particularized showing' that conducting the deposition by remote means would be prejudicial." *Schoonover v. Iovate Health Scis. U.S.A. Inc.*, 2020 WL 7094061, at *1 (C.D. Cal. Nov. 9, 2020); *Hernandez v. Bobst Grp. N. Am., Inc.*, 2020 WL 6063143, at *2 (E.D. Cal. Oct. 14, 2020); *Henry v. Tacoma Police Dep't*, 2023 WL 5530201, at *2 (W.D. Wash. Aug. 28, 2023). "A desire to save money constitutes good cause to depose out-of-state witnesses via . . . remote means." *Guillen v. Bank of America Corp.*, 2011 WL 3939690, at *1 (N.D. Cal. August 31, 2011); *Carrico v. Samsung Elecs. Co.*, 2016 WL 1265854, at *1 (N.D. Cal. Apr. 1, 2016); *Pruco Life Ins. Co. v. California Energy Dev. Inc.*, 2021 WL 5043289, at *14 (S.D. Cal. Oct. 29, 2021).

EO's "credibility" argument fails. In *Gee v. Suntrust Mortgage, Inc.*, the defendant attempted to compel out-of-state named plaintiffs to appear in San Francisco for in-person depositions. *Gee v. Suntrust Mortg., Inc.*, 2011 WL 5597124, at *2 (N.D. Cal. Nov. 15, 2011). The defendant argued remote depositions "would deprive it of 'its right to cross-examine the Plaintiffs face-to-face' to 'observe their demeanors.'" *Id.* The court rejected the argument, reasoning that forcing a named plaintiff "to travel hundreds of miles" is a waste of resources and there was no showing the depositions "are sufficiently complex to require in-person depositions." *Id.* The court rejected the defendant's argument that it "would be detrimental to its ability to question and observe the deponents." *Id.* at *3. This is because "[p]arties routinely conduct depositions via videoconference, and courts encourage the same, because doing so **minimizes travel costs** and **'permits the jury to make credibility evaluations not available when a transcript is read by another**.'" *Id.* (emphasis added) (quoting *Fanelli v. Centenary College*, 211 F.R.D. 268, 270 (D.N.J. 2002)).

Now, it is even more common to conduct depositions remotely since technology has advanced.[1] "This court has repeatedly observed that remote videoconference depositions conducted through software like Skype tend to be effective and efficient." *Newirth v. Aegis Senior Communities LLC,* 2020 WL 4459120, at *1 (N.D. Cal. May 27, 2020) (quoting *Lopez v. CIT Bank, N.A.*, 2015 WL 10374104 at *2 (N.D. Cal. 2015)) (brackets omitted). "Courts within the Ninth Circuit have observed that leave to take depositions remotely should be **granted liberally**." *JUUL Labs Inc.*, 2022 WL 2165411, at *3 (collecting cases); *Swenson v. GEICO Cas. Co.*, 336 F.R.D. 206, 209 (D. Nev. 2020) ("Generally, leave to take depositions by remote means should be granted liberally."); *Brown v. Carr*, 253 F.R.D. 410, 412 (S.D. Tex. 2008); *Sabadash v. Brevent*, 2024 WL 3841615, at *9 (C.D. Cal. July 8, 2024) (noting "remote depositions and mediations have become commonplace . . . This would minimize Defendants' need to travel to

---

[1] *Fenerjian v. Nong Shim Company, Ltd.*, 2016 WL 1019669 (N.D. Cal. 2016), and nearly all the cases cited by EO are pre-pandemic. Now, remote depositions are commonplace. In *Sunsauce Foods Indus. Corp. v. Son Fish Sauce USA Corp.*, 2024 WL 778395, at *1 (N.D. Cal. Feb. 26, 2024), the court noted the plaintiff "misstates the law" and likely violated Rule 11 which influenced the decision.

Joint Letter Brief: Discovery Dispute Regarding In-Person Deposition
September 17, 2024
Page 3 of 6

California except for trial"); ); *Sabadash*, 2024 WL 3841615, at *10 ("As noted, remote depositions are commonplace, minimizing the need for travel among witnesses and attorneys. Additionally, most discoverable information in this case is likely to be digital and can be easily produced and shared."); *Williams v. J.B. Hunt Transp., Inc.*, 2024 WL 2108841, at *5 (C.D. Cal. Apr. 30, 2024) (noting "remote depositions have become prevalent"); *United States v. K.O.O. Constr., Inc.*, 445 F.Supp.3d 1055, 1056-57 (S.D. Cal. 2020) ("courts are mindful to construe Rule 30(b)(4) in a manner that secures the just, speedy, and inexpensive determination of the case."); *Hernandez*, 2020 WL 6063143, at *3 (same); *Newman v. Direct Energy, L.P.*, 2023 WL 2914788, *3 (D. Md. Apr. 12, 2023) (We now operate in an "era of Zoom depositions.").

Moreover, Plaintiffs agree to conduct depositions of EO employees remotely, "and 'what is good and manageable for one side is appropriate for the other.'" *Vargas v. Evergreen Pro. Recoveries Inc.*, 2022 WL 856991, at *2 (W.D. Wash. Mar. 23, 2022) (quoting *PC-41 DOE v. Poly Prep Country Day Sch.*, 2022 WL 420619, at *2 (E.D.N.Y. Jan. 20, 2022)).

**B.     Defendant's Position**

Plaintiff Rabinowitz voluntarily chose to file her lawsuit in this District. She seeks to serve as the only class representative of a New York class of consumers alleging statutory damages of up to $500 per transaction, meaning her claims seek to increase Defendant's alleged liability in this case by tens of millions of dollars. She is not just a "key" witness; she is *the* witness on whose testimony the absent class members' claims might rise or fall. But now, she is refusing to appear for her deposition in her chosen forum without establishing any good cause to do so. In fact, she has not identified a single personal circumstance preventing her from appearing for her deposition where she chose to file suit. Rather, her position is tantamount to the elimination of in-person depositions whenever (in the words of Bartleby the Scrivener) the witness "prefers not to."

This is not the law. Presumptively, a plaintiff must make himself or herself available for examination in the district in which he or she brought suit. *Jones v. Nutiva, Inc.*, No. 4:16-cv-000711-HSG (KAW), 2017 WL 3412302, at *1 (N.D. Cal. Aug. 9, 2017); *Fenerjian v. Nong Shim Company, Ltd.*, No. 13-cv-04115-WHO (DMR), 2016 WL 1019669, at *2 (N.D. Cal. Mar. 15, 2016). The law presumes "that a plaintiff may be deposed in the judicial district where the action was brought, inasmuch as the plaintiff, in selecting the forum, has effectively consented to participation in legal proceedings there." *Fenerjian*, 2016 WL 1019669, at *2; *accord In re Outsidewall Tire Litig.*, 267 F.R.D. 466, 471 (E.D. Va. 2010).

To overcome the presumption, "a plaintiff has the burden of proving that undue hardship or exceptional or compelling circumstances justify his refusal to travel to his chosen forum." *Mullins v. Premier Nutrition Corp.*, No. C-13-10271-RS (DMR), 2014 WL 4058484, at *1 (N.D. Cal. Aug. 15, 2014). The plaintiff must "persuasively demonstrate that requiring him to travel to the forum district for his deposition would, for physical or financial reasons, be practically impossible, or that it would otherwise be fundamentally unfair." *Outsidewall*, 267 F.R.D. at 471; *accord Fenerjian*, 2016 WL 1019669, at *2.

In *Fenerjian*, the named plaintiffs in a proposed class action filed suit in this District but attempted to force the defendant to depose them where they lived in other states. They cited "childcare responsibilities, work, medical treatment, and financial burden of missing work." 2016 WL 1019669, at *3. The court ordered them to appear for their depositions in their chosen forum. The court explained: "[Plaintiffs] are named plaintiffs in this class action, which they filed in this district. They seek to vindicate not only their own injuries, but the injuries of the class members they wish to represent. Defendants are allowed to evaluate the credibility of the named plaintiffs through in-person depositions." *Id.* at *4. The court further stated: "For the most part, the proffered declarations only show that the [plaintiffs] would face the usual difficulties and inconveniences in attending an out-of-state deposition—work and childcare responsibilities. Plaintiffs chose to serve as named representatives in this putative class action, and part of prosecuting a claim is appearing for a deposition, even when not entirely convenient." *Id.* "The meager record submitted by the [plaintiffs] does not persuade the court that their personal circumstances hamper them in any significant way from traveling to appear for depositions in the forum in which the chose to file this class action." *Id.* at *4; *see also Starbuzz Tobacco, Inc. v. Gold Star Tobacco Inc.*, No. SA CV 19-00408-JVS (DFMx), 2019 WL 6894525, at *2 (C.D. Cal. Sep. 5, 2019).

Similarly, in *Jones*, 2017 WL 3412302, a named plaintiff filed a class action suit in this District but refused to appear for deposition in California, arguing the defense should have to travel to Virginia to depose him because he has multiple sclerosis. The court rejected that contention, observing that "Mr. Jones has decided to prosecute this case in a representative capacity, such that Plaintiffs' argument that the named plaintiffs have a limited stake in the litigation, such that they should not be required to travel, is unavailing." *Id.* at *2. The court further observed that the named plaintiffs "brought this putative class action at considerable legal expenses and time to Nutiva, . . . [and] [a]s named class representatives, their obligations and responsibilities to a potential class can only grow." *Id.* The court ordered that the plaintiff must attend his deposition in California or pay the travel expenses for the defendant's attorney to depose him in Virginia.

Here, Rabinowitz makes no showing (and does not even claim) that she cannot travel to her chosen forum for deposition or that it would be "practically impossible" or "fundamentally unfair" to do so or that any "exceptional or compelling circumstances" justify her refusal to do so. *Mullins*, 2014 WL 4058484, at *1; *Outsidewall*, 267 F.R.D. at 471. Her letter brief is bereft of any reference to any medical, financial, or other circumstance preventing her from being deposed in her chosen forum. If she can unilaterally force a remote deposition in these circumstances—where there is no record of any justifying circumstances whatsoever—then there is essentially no longer any ability to obtain an in-person deposition (no matter the stakes in the case and no matter the extraordinary importance of the witness at issue) unless the witness happens to agree. Stated differently, Rabinowitz cannot "shift" any burden to Defendant without first establishing good cause why the deposition should not take place in person in her chosen forum (i.e., undue burden or extraordinary circumstances). She has not established any cause.

Furthermore, contrary to Rabinowitz's suggestion, "taking depositions in person, particularly when the deposition is of the plaintiff, is preferable, routine, and presumed." *Pirtle v. Netflix, Inc.*, No. CV 21-8008-JAK (JPRx), 2024 WL 990072, at *4 (C.D. Cal. Feb. 16, 2024);

Joint Letter Brief: Discovery Dispute Regarding In-Person Deposition
September 17, 2024
Page 5 of 6

*accord Vasquez v. Draper and Kramer Mortgage Corp.*, No. 20-cv-06635-YGR, 2021 WL 229313, at *5 n.4 (N.D. Cal. Jan. 22, 2021); *see also Pruco Life Ins. Co. v. California Energy Development Inc.*, No. 18-cv-02280-DMS-AHG, 2021 WL 5043289, at * (S.D. Cal. Oct. 29, 2021) (denying remote depositions of key witnesses and collecting cases); *Egan v. Royal Kona Resort*, No. 17-322-DKW-KJM, 2018 WL 1528779, at *2 (D. Haw. Mar. 28, 2018) ("Here, where the depositions concern the named Plaintiffs who will be key trial witnesses, the Court agrees that forcing video or telephonic depositions would unfairly prejudice Royal Kona's case evaluation and preparation"). Not surprisingly, the cases Rabinowitz cites virtually all concerned either (1) depositions during the COVID-19 pandemic or other extraordinary circumstances justifying a remote deposition (*Learning Resources*, *Schoonover*, *Hernandez*, *Newirth*, *Swenson, Juul*, *K.O.O. Construction, Vargas* (all COVID-19) and *Brown* (incarcerated pro se plaintiff)); (2) circumstances *where the party who noticing the deposition* wanted to proceed remotely (*Guillen* and *Carrico*); or (3) did not even involve any ruling requiring any remote deposition (*Sabadash* and *Williams*). And as explained in *Fenerjian*, *Gee* involved opt-in plaintiffs in an FLSA class action with special procedural provisions (including the forum was chosen for (not by) the opt-in plaintiffs). *Fenerjian*, 2016 WL 1019669, at *4. Finally, Rabinowitz's suggestion that Defendant must depose her remotely merely because Plaintiffs have unilaterally decided to depose defense witnesses remotely has no merit; the defense witnesses did not request remote depositions or refuse to appear in person.

As the only named plaintiff for the proposed New York class, Rabinowitz's testimony is of paramount importance in this case and to Defendant's case evaluation. She has not identified any reason she can't appear in person for the one of the most important (if not the most important) discovery opportunity for Defendant in a case involving alleged multi-million-dollar claims.

Respectfully submitted,

AMIN WASSERMAN GURNANI, LLP

By: *William P. Cole*
William P. Cole (SBN 186772)
Matthew R. Orr (SBN 211097)
Richard L. Hyde (SBN 286023)

*Attorneys for Defendant EO Products, LLC*

CROSNER LEGAL, P.C.

By: */s/ Craig W. Straub*
Craig W. Straub (SBN 249032)
Zachary M. Crosner (SBN 272295)

REESE LLP
George V. Granade (SBN 316050)
Michael R. Reese (SBN 206773)

*Attorneys for Plaintiffs Drew Moore and Jana Nicole Rabinowitz and the Proposed Class*

Joint Letter Brief: Discovery Dispute Regarding In-Person Deposition
September 17, 2024
Page 6 of 6

# SIGNATURE ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document attests that all signatories have concurred in its filing.

Date: September 11, 2024　　　　　　　　By:　  /s/ Craig W. Straub  

　　　　　　　　　　　　　　　　　　　　　CROSNER LEGAL, P.C.
　　　　　　　　　　　　　　　　　　　　　9440 Santa Monica Boulevard Suite 301
　　　　　　　　　　　　　　　　　　　　　Beverly Hills, California 90210
　　　　　　　　　　　　　　　　　　　　　Tel: (310) 496-5818
　　　　　　　　　　　　　　　　　　　　　craig@crosnerlegal.com

　　　　　　　　　　　　　　　　　　　　　*Attorney for Plaintiffs Drew Moore and Jana Nicole Rabinowitz and the Proposed Class*