UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DREW MOORE, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>EO PRODUCTS, LLC,<br><br>    Defendant. | Case No. 22-cv-07618-JST (DMR)<br><br>**ORDER ON JOINT DISCOVERY LETTER**<br><br>Re: Dkt. No. 57 |

The parties filed a joint discovery letter regarding whether Plaintiff Jana Nicole Rabinowitz may appear for a deposition remotely instead of traveling from New York to California for an in-person deposition. [Docket No. 57 (Jt. Letter).] This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, Rabinowitz's request to appear remotely at her deposition is denied.

## I. BACKGROUND

This is a putative class action challenging as false Defendant EO Products, LLC's ("EO") labeling of skincare and cosmetic products as "made with plants," "plant-based," "made with plant extracts," and/or "made with plant-based extracts." [Docket No. 47 (Am. Compl.) ¶ 8.] Plaintiffs seek certification of a "California Class" and a "New York Class" comprised of residents of those states who purchased certain EO products during specified time periods. *See id*. at ¶ 89. The amended complaint, which is the operative complaint, added Plaintiff Rabinowitz as a proposed class representative for the New York Class. She is a citizen of New York and resides in Nassau County in New York. Am. Compl. ¶ 4; Jt. Letter 1.

EO seeks to depose Rabinowitz in this district. Rabinowitz argues that she should be permitted to appear for her deposition remotely via videoconference. Jt. Letter 1.

## II. DISCUSSION

### A. Legal Standards

Federal Rule of Civil Procedure 30 provides that "[a] party who wants to depose a person by oral questions . . . must state the time and place of the deposition." Fed. R. Civ. P. 30(b)(1). "Courts ordinarily presume that a plaintiff may be deposed in the judicial district where the action was brought, inasmuch as the plaintiff, in selecting the forum, has effectively consented to participation in legal proceedings there." *Rulo v. Ricoh Ams. Corp.*, No. 3:15-cv-00736 HSG (JSC), 2015 U.S. Dist. LEXIS 153432, at *3 (N.D. Cal. Nov. 12, 2015) (citing *In re Outsidewall Tire Litig.*, 267 F.R.D. 466, 471 (E.D. Va. 2010)). The general rule that a plaintiff will be required to make himself or herself available for examination in the district in which suit was brought "appears to be based not only upon the fact that Plaintiffs choose the forum but also upon pragmatic considerations . . . [t]his not only permits predictability in prospective litigation, it also pragmatically permits the trial court to resolve disputes which may take place during the course of depositions without undue expenditure of time." *Lexington Ins. Co. v. Commonwealth Ins. Co.*, No. 98-cv-3477-CRB (JCS), 1999 WL 33292943, at *9 (N.D. Cal. Sept. 17, 1999) (citation omitted). "This general rule applies to class action suits." *Mullins v. Premier Nutrition Corp*, No. C-13-01271-RS (DMR), 2014 WL 4058484, at *1 (N.D. Cal. Aug. 15, 2014) (citing *Rolex Employees Ret. Trust v. Mentor Graphics Corp.*, No. CIV. 90-726-FR, 1990 WL 200092, at *1 (D. Or. Dec. 3, 1990)). By contrast, "there is a general presumption that the deposition of a defendant should be conducted in the district of his residence [because] while plaintiffs bring the lawsuit and . . . exercise the first choice as to the forum, [t]he defendants, on the other hand, are not before the court by choice." *See Fausto v. Credigy Serv. Corp.*, 251 F.R.D. 427, 429 (N.D. Cal. 2008) (internal quotation marks and citation omitted).

To overcome the presumption that a plaintiff's deposition shall take place in the district in which plaintiff filed suit, the "plaintiff has the burden of proving that undue hardship or exceptional or compelling circumstances justify [their] refusal to travel to [their] chosen forum." *Mullins*, 2014 WL 4058484, at *1; *see also Rulo*, 2015 U.S. Dist. LEXIS 153432, at *3 (plaintiff must "persuasively demonstrate" that traveling to the forum for his deposition "would, for

2

physical and financial reasons, be practically impossible, or that it would otherwise be fundamentally unfair"); *Palma v. Safe Hurricane Shutters, Inc.*, No. 07-22913-CIV, 2009 WL 653305, at *4 (S.D. Fla. Mar. 12, 2009) ("Although ordinarily, a defendant is entitled to depose a plaintiff in the forum where the case is pending, [Fed. R. Civ. P. 26(c)(2)] authorizes the Court to order that a plaintiff's deposition be taken in a different location, or by alternative means, if justice so requires."). Ultimately, the trial court has broad discretion to determine the appropriate place for a deposition. *Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994).

### B. Analysis

Rabinowitz asserts that she is willing to travel to testify in-person at a future trial but argues that she should be deposed remotely because "there is no practical reason for [her] to fly across the country" for her deposition "since remote depositions are routine, cost effective, and just as effective for testing a witness's credibility." Jt. Letter 1. According to Plaintiffs' counsel, "the only difference between taking a deposition in-person or remotely is that an in-person deposition 'waste[s] money, time, and environmental resources.'" *Id*.

Rabinowitz claims no specific hardship presenting an "exceptional or compelling" circumstance that justifies her refusal to travel to this district for her deposition. *See Mullins*, 2014 WL 4058484, at *1. In fact, she does not point to any specific hardship associated with traveling to this district. To the extent Rabinowitz is concerned about the time and cost associated with travel, "issues of time and money present **ordinary** concerns attendant to travel." *Sunsauce Foods Indus. Corp. v. Son Fish Sauce USA Corp.*, No. 22-cv-08973-PCP (SVK), 2024 WL 778395, at *2 (N.D. Cal. Feb. 26, 2024) (emphasis in original) (citing *Fenerjian v. Nong Shim Co., Ltd.*, No. 13-cv-04115-WHO (DMR), 2016 WL 1019669, at *3 (N.D. Cal. Mar. 15, 2016)). In the absence of any assertion of any hardship associated with traveling to California for her deposition, let alone "undue burden or exceptional circumstances" justifying her refusal to travel to the chosen forum, *see Fenerjian*, 2016 WL 1019669, at *4, Rabinowitz must appear for deposition in person in this district.

### III. CONCLUSION

For the foregoing reasons, Rabinowitz's request for permission to appear for deposition

remotely is denied.

**IT IS SO ORDERED.**

Dated: October 8, 2024



_____
Donna M. Ryu
Chief Magistrate Judge